NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2169
_____

DARYL THOMAS,

Appellant

v.

ROBERT BUECHELE, Assistant Superintendant, New Jersey
Department of Corrections; S.G.T. F.N.U. HICKS, New Jersey Department of
Corrections;
S.G.T. C. LONGO, New Jersey Department of Corrections;
HOPE HALL, operated as a Correctional Services Facility ("Halfway House') In
Camden, New Jersey;
YOLANDA SEARLES, an agent servant or employee of Hope Hall;
GLADYS KRASCINSKI, an agent, servant or employee of Hope Hall;
VOLUNTEERS OF AMERICA DELAWARE VALLEY, INC., operator of Hope Hall,
Camden, New Jersey;
JOHN OSZVART

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-10-cv-00879)
District Judge: Honorable Noel L. Hillman

_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014


Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed: June 19, 2014)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Plaintiff Daryl Thomas was formerly an inmate in the custody of the New Jersey Department of Corrections. After he was terminated by his employer for purported violations of workplace rules, a disciplinary action (specifically, a ".257 charge") was brought against him. As a result, he was removed from the halfway house where he was serving his sentence and returned to prison. He subsequently brought this action under 42 U.S.C. § 1983, alleging a variety of constitutional violations. The District Court granted summary judgment for the defendants and Thomas timely appealed. Because he has not alleged the violation of a protected liberty interest, we affirm.

The District Court exercised jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291. "Our review of the district court's summary judgment order is plenary, and we apply the same test as the district court. Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law and there is no genuine dispute of material fact." *Hampton v. Borough of Tinton Falls Police Dep't*, 98 F.3d 107, 111-12 (3d Cir. 1996) (internal citations omitted).

On appeal, Thomas argues that his return to full custody on the basis of the .257 charge was improper because he had not violated any rule of the halfway house, nor had

2

any official alleged a specific rule he had broken.[1] This improper removal, he argues, violated his constitutional right to due process.

Regardless of the procedure accorded Thomas, he cannot raise a genuine question of material fact as to a due process violation because he had no protected liberty interest in remaining in the halfway house rather than returning to full custody. In *Asquith v. Department of Corrections*, 186 F.3d 407 (3d Cir. 1999), we held that the conditions of residing in a New Jersey halfway house "amount to institutional confinement." *Id.* at 411. Because "[t]he Supreme Court has consistently held that while a prisoner remains in institutional confinement, the Due Process Clause does not protect his interest in remaining in a particular facility[,]" we concluded that "removal from the halfway house did not trigger the protections of the Due Process Clause." *Id.* For similar reasons, being moved from a halfway house to prison is not a deprivation of a state-created liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). *Asquith*, 186 F.3d at 412. Despite Thomas's attempt to distinguish it, *Asquith* is squarely on point: a person serving a valid sentence has no protected liberty interest in being in a halfway house rather than prison. Therefore, regardless of procedures that were or were not followed, Thomas cannot state a due process claim based on being returned to full custody.

His arguments concerning the purported effect of the disciplinary charge on his subsequent parole hearing are unpersuasive for similar reasons. Thomas argues that, as a

---

[1] In his complaint, Thomas argued that the defendants had violated his rights under the Fourth, Fifth, and Eighth Amendments to our Constitution in addition to violating his due process rights under the Fourteenth Amendment. Because his appellate brief refers only to due process violations, he has waived all other claims.

result of the purportedly erroneous .257 charge and his return to prison, he received parole later, and was subject to confinement in restrictive custodial programs longer, than would have occurred otherwise. Just as under *Asquith* there is no right to serve one's sentence in a halfway house rather than prison, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). While a person who has already been granted parole has a constitutional right to due process protection before that parole is revoked, *see Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), at the time of the alleged deprivation here Thomas had not yet been granted parole.[2] In any event, as the District Court rightly noted, he "was granted parole, and he was released from parole supervision two months earlier than his maximum release date." Op. at 12. That his eventual parole came later than it might otherwise have does not create a constitutional violation.[3]

Taking his arguments together, Thomas has not alleged the deprivation of a protected liberty interest. Without such a deprivation, there can be no valid claim for violation of his due process rights. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S.

---

[2] Thomas alleges that, but for the .257 charge, he would have been eligible for parole in February 2008, but because of the charge only received a parole hearing in October 2008.

[3] We note in passing that Thomas appears to have received all appropriate process under New Jersey law in the parole decision, including a hearing with opportunity to be heard concerning the .257 charge. *See N.J. Parole Bd. v. Byrne*, 460 A.2d 103, 112 (N.J. 1983) ("In the context of initial parole decisions, *Greenholtz* required an opportunity for the prisoner to be heard and an explanation as to why he fell short of qualifying for parole. In essence, this means notice, opportunity to be heard and a statement of reasons." (internal citation omitted)).

564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). Thus the District Court did not err in granting summary judgment for the defendants.[4] We affirm.

---

[4] Thomas's motion to seal Volume 4 of the appendix is granted.